**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: MEDSCI DIAGNOSTIC, INC.<br><br>Debtor | CASE NO.: 10-04961 (ESL) |
| MEDSCI DIAGNOSTIC, INC.<br><br>Plaintiff,<br>v.<br>STATE INSURANCE FUND CORPORATION through its Administrator ZOIMÉ ÁLVAREZ RUBIO, Esq.; JOHN DOE; RICHARD ROE; INSURANCE COMPANIES A, B AND C.<br>Defendants. | CHAPTER 11<br><br>ADVERSARY NO.: 10-0094 (ESL)<br><br>RE: BREACH OF CONTRACT, SPECIFIC PERFORMANCE, INJUNCTION, TORT CLAIM |

**RESPONSE IN OPPOSITION TO SIF'S "MOTION FOR A
ONE DAY EXTENSION OF TIME […]" (Docket No. 44)**

**TO THE HONORABLE COURT**:

**COMES NOW**, MEDSCI DIAGNOSTIC, INC. (hereinafter referred to as "MEDSCI"), represented through its undersigned attorney and very respectfully states, alleges and prays:

1. On this date, now the fifth day to file, we have received the State Insurance Fund's ("SIF") "Motion for a One Day Extension of Time […]" (**Docket No. 44**). In it, the SIF is barefacedly requesting an extension of one day, based on the fact that it wishes to include transcripts of depositions taken in this case to support its allegations, but said depositions are yet been transcribed. The petition is beyond any rule, custom or convention. Frankly, it is beyond belief.

2. MEDSCI hereby strongly opposes the SIF's request because: 1) SIF had deposed the witnesses before the July 7th hearing, the witnesses were present at the

1

hearing and SIF chose not call any of them to the stand to testify. The SIF's pretentions, besides being against all accustomed procedure, if granted, would prevent MEDSCI from cross-examining or re-directly examining the witnesses, as may be the case; 2) its pretention attempts to benefit from the patent bad-faith pursuant to which they have deposed all of MEDSCI witnesses, while refusing to comply, at all, with subpoenas to appear as an institution and to produce various witnesses, (*see* **Docket No. 45**, "Urgent Motion to Compel Discovery and For Sanctions); because, thus, the SIF is pursuing to attack the contract with MEDSCI with the benefit of the depositions taken, but disallowing MEDSCI to conduct any effective discovery, in exchange; 3) because the SIF is seeking to reopen the July 7th hearing, and introduce additional evidence, without allowing MEDSCI to even review it previously, much less cross examine it ord redirect it; 4) because the stipulation that the depositions' transcripts were to be reviewed by the deponent in thirty (30) days, is being blatantly disregarded, 5) because MEDSCI's motion regarding the Honorable Court's power to set a maximum term to pay its invoices to SIF, presented the same day of the hearing, is exclusively a legal argument, (**Docket No. 40**), and so is the announced third motion regarding the alleged legal inability of MEDSCI to contract medical related services to SIF.

    3.    The hearing to present evidence was held on July 7th. It was then that SIF had its opportunity to present its evidence. The witnesses were there. It chose not to present said evidence because it deemed it inconvenient or disadvantageous. Now, when the witnesses are no longer present to be reexamined by MEDSCI, it attempts to present evidence which cannot be examined in court. In thirty years of litigation, including a substantial injunction practice, I have never been faced with such outlandish pretentions.

2

To make it even worse, no proffer is made to justify what would have to be a new hearing.

4. SIF had until today to oppose our brief regarding the courts power, no, obligation, under the civil code, to decide what is the proper term for payment, given the language "as fast as possible", agreed to by the parties. The law and jurisprudence determines that it must be shorter, or "much shorter", than what would otherwise be considered "reasonable". It is a simple conclusion, amply supported by the text of the law and the interpretation of both, the local and Spanish courts. It is also conclusively supported by the learned treatises cited in our brief. That brief was presented on the same day of the hearing. It is not that we want to work so hard. It is that the matter is of life and death, to MEDSCI. If we can brief the subject in six hours after the hearing, SIF should have been able to brief it in the term granted by the Honorable Court.

5. If SIF has not presented the brief, it is because they can find no authority to oppose to our position. It is not because they are lazy or negligent. It is that there is no such authority. All roads lead to Rome. All authorities assert that the Honorable Court not only has the power, but the obligation to determine the meaning of "as soon as possible". We respectfully request that the matter of the duty of the Court to fix the term be deemed submitted.

6. Regarding the alleged illegality of MEDSCI to enter in to the contract in question, the same reasons apply. There are no authorities to the contrary. The cases cited by the SIF as authorities refer to companies that <u>themselves</u> provided the professional services. This is not the case at hand. MEDSCI hires doctors to interpret the results of the tests while the SIF, also a corporation, provides the personnel to perform the tests.

3

7. Furthermore, it is an argument presented in the worse faith. The SIF holds contracts with multiple corporations which supply professional services, much in the way that MEDSCI does. The importance of the fact is not to show estoppel, which we consider, applies. What it actually shows beyond reasonable doubt is that the SIF does not believe that which it argues to the court. In short, it is attempting, knowingly, to lead the Court astray.

8. Nobody interprets the law in the manner that SIF attempts to lead the Court. Hospital and medical facilities, all over the island, are owned by investors who may or may not be medically trained. In fact, accepting and enforcing SIF's proposed interpretation of the law would constitute a serious judicial mistake. It would throw the whole medical/hospital establishment into a turmoil and effectively prevent SIF from providing its services. The only reason why the proposal is made to the Court is because it is the idea to enforce that interpretation only against MEDSCI.

9. At any rate, SIF has had plenty of time to brief the matter. It has failed to do so. We again respectfully request that the matter be deemed submitted and the Honorable Court enter the orders requested by MEDSCI, with any other pronouncement that the Honorable Court deems fit.

**RESPECTFULLY SUBMITTED,**

I hereby certify that on July 13th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will electronically notify: Luis C. Marini-Biaggi, Esq., at luis.marini@oneillborges.com; and Mauricio O. Muñiz-Luciano, at mauricio.muniz@oneillborges.com.

In San Juan, Puerto Rico, this 13th day of July, 2010.

s/Rafael González Vélez
**Rafael González Vélez**

4

Attorney for *MEDSCI*
USDC No. 124311
1806 Calle McLeary Suite 1-B
San Juan, Puerto Rico 00911
E-mail: rgvlo@prtc.net
Tel. 787-726-8866
Fax 787-726-8877