**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re: MEDSCI DIAGNOSTIC, INC.<br><br>Debtor<br><br>MEDSCI DIAGNOSTIC, INC.<br><br>Plaintiff,<br>v.<br>STATE INSURANCE FUND CORPORATION through its Administrator ZOIMÉ ÁLVAREZ RUBIO, Esq.; JOHN DOE; RICHARD ROE; INSURANCE COMPANIES A, B AND C.<br><br>Defendants. | CASE NO.: 10-04961 (ESL)<br><br>CHAPTER 11<br><br>ADVERSARY NO.: 10-0094 (ESL)<br><br>RE: BREACH OF CONTRACT, SPECIFIC PERFORMANCE, INJUNCTION, TORT CLAIM |

**PARTIAL RESPONSE TO SIF'S RECENT
MOTIONS (Docket No. 49 and Docket No. 50)**

**TO THE HONORABLE COURT**:

    **COMES NOW**, MEDSCI DIAGNOSTIC, INC. (hereinafter referred to as "MEDSCI"), represented through its undersigned attorney and very respectfully states, alleges and prays:

    1.    The Corporations Act of Puerto Rico states, *inter alia*, and with regards to the capacities of corporations, that:

> "[n]inguna corporación organizada e incorporada bajo este capítulo podrá prestar servicios profesionales, <u>excepto a través de oficiales, empleados y agentes que estén debidamente licenciados o de otra forma autorizados legalmente para rendir dichos servicios profesionales dentro de esta jurisdicción</u>. Sin embargo, esta disposición no será interpretada para incluir dentro del término "empleado", según se usa en este capitulo, a personal clerical, secretarias, administradores, tenedores de libros, técnicos y otros asistentes que no se consideren de acuerdo a la ley, los usos y costumbres como que deban tener una licencia y otra autorización legal para el ejercicio de la profesión que practican. El termino "empleado" tampoco incluye a cualquier otra persona que realice todo su

1

empleo bajo la supervisión y control directo de un oficial, empleado o agente que de por si este autorizado a prestar un servicio profesional al publico en nombre de una corporación profesional. Disponiéndose, además, que ninguna persona podrá, bajo el pretexto de ser empleado de una corporación profesional, practicar una profesión a menos que este debidamente licenciado para así hacerlo a tenor con las leyes de esta jurisdicción." (Our emphasis) 14 P.R. Laws Ann. § 3925.

2. MEDSCI is a legal corporation under the Corporations Act of Puerto Rico.

3. Among other things, it is to be noted that MEDSCI, among others, had to "establish a center for remote readings with duly certified and licensed medical faculty available for rendering the service that it is hereby hired." (**Docket No. 1** at **Exhibit 1**, page 3).

4. In the State Insurance Fund's (the "SIF"), motions regarding the capacity of MEDSCI to function and its validity as a corporation, many averments were made that supports MEDSCI's positions.

5. The SIF begs the Court to consider many "undisputed/uncontroverted" facts. MEDSCI herein request the same, as to the following: 1) it is undisputed that historical data justified limits in the contract of $14,700,000.00 – Carlos Ruíz, Esq. and Roberto Reyes, Esq. statements under penalty of perjury, show this, and the SIF did nothing to prove the contrary, even with the benefit of having deposed Mr. Ruíz; 2) the SIF is clearly violating the contract, as it is only referring MEDSCI less than one-fourth of the business it should ($14,700,000.00 per year), under the contract, and no evidence has been presented to show otherwise; and 3) the SIF has not reduced the volume of injured persons it serves, thus, the low referral is a consequence of its breach of contract.

6. Furthermore, the SIF has not been able to contradict that Article 1081 of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. § 3064, empowers the Court to

2

establish an exact timeframe for the payment of invoices to MEDSCI. On the contrary, MEDSCI have shown that a term must be established. (**Docket No. 40**).

7. It is baseless their averment that Article 1081 not applies to the government. No authority says so. To attack the same, they recur to tangent analyses, without specificity of the content of Article 1081. That is contrary to simple rules of law.

8. "When a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof." 31 P.R. Laws Ann. § 14.

9. Article 1081 is clear, as per § 14 of the Puerto Rico Civil Code. Cases interpreting Article 1081 present no difficulty or ambiguity. Its application is simple and direct. The SIF's request that it be analyzed for what it does not says, actually against from what it in fact says, is the opposite the rule in § 14, *id*.

10. SIF's actions look to further perpetrate MEDSCI's injury.

11. MEDSCI intend to present additional grounds for which the SIF's motions, (**Docket No. 49** and **Docket No. 50**), should be denied, pursuant to this Court's Order (**Docket No. 41**). Thus, MEDSCI presents the instant partial reply, without waiving any argument, submitted in previous motions, or which will be submitted promptly.

**WHEREFORE**, given the above reasons, MEDSCI respectfully prays from this Honorable Court that the SIF's motions, (**Docket No. 49** and **Docket No. 50**), be denied in their entirety, although allowing a further brief in opposition to the instant one pursuant the Court's order of July 7th, (**Docket No. 41**), and that MEDSCI's request for establishing a time for payment in the contract, be granted, (**Docket No. 40**).

**RESPECTFULLY SUBMITTED,**

I hereby certify that on July 15th, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will electronically notify: Luis C. Marini-Biaggi, Esq., at luis.marini@oneillborges.com; and Mauricio O. Muñiz-Luciano, at mauricio.muniz@oneillborges.com.

In San Juan, Puerto Rico, this 15th day of July, 2010.

        **s/Rafael González Vélez**
        **Rafael González Vélez**
        Attorney for *MEDSCI*
        USDC No. 124311
        1806 Calle McLeary Suite 1-B
        San Juan, Puerto Rico 00911
        E-mail: rgvlo@prtc.net
        Tel. 787-726-8866
        Fax 787-726-8877