UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>**MEDSCI DIAGNOSTICS INC.,**<br><br>Debtor | Chapter 11<br><br>Case No.: 10-04961 |
| **MEDSCI DIAGNOSTICS, INC.**<br><br>Debtor-Plaintiff<br><br>vs.<br><br>**STATE INSURANCE FUND CORPORATION**<br><br>Defendant. | Adversary Proceeding<br><br>Case No.: 10-00094 |

## OMNIBUS RESPONSE TO MEDSCI'S INFORMATIVE MOTIONS AT DOCKET NOS. 59 AND 63

TO THE HONORABLE ENRIQUE S. LAMOUTTE,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the State Insurance Fund Corporation (the "SIF"), through its undersigned counsel, and respectfully states and alleges as follows:

1. On July 16, 2010, MEDSCI Diagnostics, Inc. ("MEDSCI") filed an "Informative Motion Regarding Breach of Promise of Payment" (the "First Informative Motion" or Docket No. 59) wherein it informed this Court that the SIF allegedly breached a promise of payment to be made on or before July 16, 2010. See Docket No. 59. Specifically, MEDSCI alleged that the sums paid by the SIF were not the amounts promised and, thus, the SIF is allegedly "again withholding funds due." Docket No. 59, ¶ 4.

2. In support of the First Informative Motion, MEDSCI clearly misquoted and misrepresented the statements of Ms. Rosemelly Alayón of the SIF in a clear attempt to induce this Court into error. See Docket No. 62, ¶¶ 1, 2. Contrary to MEDSCI's misstatements, Ms. Alayón declared the following: "la cantidad **bruta aproximada** de $218,301.00 está lista para pago en o antes del 16 de julio de 2010." Sworn Declaration of Rosemelly Alayón, Docket No. 35-7, ¶ 10 (emphasis added). To this end, on July 12 and 16, 2010, based on the available budget for that week and the applicable norms and procedures for the disbursement of public funds by the SIF, two (2) payments were made to MEDSCI for a total **net** sum of $185,129.48. See Docket No. 44, Exhibit A; see also Docket No. 59, Exhibit 1. In other words, the SIF is not withholding funds, as MEDSCI alleges.

3. On July 23, 2010, in clear contradiction to the allegations of its First Informative Motion, MEDSCI filed a second "Informative Motion" (the "Second Informative Motion" or Docket No. 63) wherein it alleged that the SIF failed to submit **any** payments in the last two (2) weeks. See Docket No. 63, p. 1 ("this Friday, as well as last Friday [July 16, 2010], the State Insurance Fund has failed to make a payment for the services rendered.").

4. Further, despite admitting in the First Informative Motion (and the fact) that it received two (2) payments for a total **net** sum of $185,129.48 by July 16, 2010, MEDSCI had the audacity of making false and unsubstantiated statements in the Second Informative Motion to the effect that: (i) **no** payment was received by Friday, July 16, 2010; (ii) the SIF "is attempting to strangle MEDSCI, notwithstanding the present proceedings or perhaps because of them"; (iii) the SIF is "referring most of the patients to outside suppliers"; and (iv) "[i]n short, they [sic] aim to make the present injunction moot." See Second Informative Motion, p. 1.

2

5. In other words, MEDSCI continues with its customary practice of supporting its filings with misrepresentations and, in many instances, false and unsubstantiated statements. The fact still remains that the payments being made by the SIF (on July 12 and 16, 2010) are more than sufficient evidence to conclude, among other things, that the SIF is acting in good faith and complying with its obligations under the medical services contract, including the applicable laws and regulations that concern the process of disbursing public funds. Further, the undisputed fact in this case is that neither the Medical Services Contract nor any legal provision obliges the SIF to submit weekly payments to MEDSCI for the medical services illegally rendered by this corporation, as somehow MEDSCI wants this Court to believe.[1] Moreover, the SIF continues to process MEDSCI's invoices for payment, as required by and in compliance with the contract at issue, as well as the applicable statute, norms and procedures.

6. As if the foregoing was not enough to conclude that, through its filings, MEDSCI is "playing fast and loose"[2] with this Court, another recent example of MEDSCI's conduct was its "Partial Response to SIF's Recent Motions (Docket No. 49 and 50)" (the "Response" or Docket No. 54) filed on July 15, 2010, which concerned the request that this Court declare null and void the contract at issue. In its Response, MEDSCI cited a section of the General Corporations Act of Puerto Rico, 14 P.R. Laws Ann. § 3925, in an attempt to induce this Court into error by alleging that all corporations can provide professional services through officials, employees and agents duly licensed to render such professional services. See Docket No. 54, ¶

---

[1] It is also undisputed that the parties have not reached any agreement as to the weekly submission of payments to MEDSCI, as MEDSCI has tried to falsely represent to this Court through its Second Informative Motion and the unsubstantiated declaration under penalty of perjury of Ana Mónica Vizcarrondo. See Docket No. 34-1, ¶¶ 11-12. It should be of no surprise to this Court that there is no written evidence of any purported agreement for weekly payments, except the self-serving testimony of an interested witness of MEDSCI.

[2] See Global Naps, Inc. v. Verizon New Eng., Inc., 603 F.3d 71, 91 (1st Cir. 2010) (Judicial estoppel's "purpose is to protect the integrity of the judicial system from litigants 'playing fast and loose with the courts' to 'obtain [] an unfair advantage'.").

3

1. MEDSCI further alleged that it is a legal corporation under the General Corporations Act of Puerto Rico for the proposition that it is legally providing medical (radiology) services to the SIF. Id. at ¶ 2.

7. The problem with MEDSCI's representation to this Court at Docket No. 54 is that it failed to state (not by mistake or omission) that the quoted section of the General Corporations Act of Puerto Rico is **solely applicable to professional services corporations ("PSC"), not general corporations**. To this end, it is undisputed that MEDSCI is not a PSC nor it can become one, as its principals are not licensed professionals in the medical profession of radiology, which is the service that MEDSCI illegally agreed to provide to the SIF through the contract at issue.

8. In conclusion, MEDSCI repeatedly continues to aver false and misleading statements in its pleadings and other submissions in an attempt to have this Court issue a preliminary injunction, among other ulterior motives. In that sense, MEDSCI's First and Second Informative Motions serve no purpose in the present case other than to provide further evidence of the false, misleading and unsubstantiated statements contained in MEDSCI's submissions to this Court.

**WHEREFORE**, the State Insurance Fund Corporation respectfully requests that this Honorable Court take notice of the foregoing response to MEDSCI's First and Second Informative Motions.[3]

**RESPECTFULLY SUBMITTED.**

---

[3] At this time, the SIF is not specifically requesting that sanctions be imposed on MEDSCI. However, it is clear that MEDSCI and its legal representation are not complying with their duties and obligations under Fed.R.Civ.P. 11. This Court may, however, impose sanctions at this time should it find it proper and justifiable.

4

It is certified that on this same date, a true copy of the foregoing was filed through the Court's CM/ECF system, which will generate a notice to all CM/ECF participants in this case.

In San Juan, Puerto Rico this 28th day of July, 2010.

**O'NEILL & BORGES**
*Attorneys for the State Insurance Fund Corporation*
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Telephone: 787-764-8181
Fax: 787-753-8944

By: s/Mauricio O. Muñiz-Luciano
  Mauricio O. Muñiz-Luciano
  USDC No. 220914

  s/Carlos J. Sagardia-Abreu
  Carlos J. Sagardia-Abreu
  USDC No. 227510