# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | Chapter 11 |
| **MEDSCI DIAGNOSTICS INC.,** | Case No.: 10-04961 |
| Debtor | |
| **MEDSCI DIAGNOSTICS, INC.** | Adversary Proceeding |
| Debtor-Plaintiff | Case No.: 10-00094 |
| **vs.** | |
| **STATE INSURANCE FUND CORPORATION** | |
| Defendant. | |

## ANSWER TO COMPLAINT

TO THE HONORABLE ENRIQUE S. LAMOUTTE,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the State Insurance Fund Corporation ("SIF"), through its undersigned counsel, and respectfully submits its Answer to the Complaint filed by MEDSCI Diagnostics, Inc., ("MEDSCI").

### PRELIMINARY STATEMENT

The SIF is hereby filing its responsive pleading to the Complaint (Docket No. 1) as a result of the Court's ruling denying the request for an extension of time to file the same pending the decision on whether the contract is null and void (Docket Nos. 38 and 49). Accordingly, this responsive pleading should not be construed as a waiver of the SIF's argument that the medical services contract at issue herein is null and void, as discussed in more detail at Docket Nos. 38 and

49, and which will be considered during the evidentiary hearing scheduled for October 25, 2010. Further, this filing should not be construed either as a waiver to the defense that indispensable parties have not been included in this case, as many of the allegations contained in the Complaint are not directed at the SIF, but on other individuals that have not been included in this case. Moreover, the Complaint contains multiple unfounded allegations regarding, among others, fraud and alleged *scienter* that clearly do not comply with the pleadings standards of Fed.R.Civ.P. 9, as well as *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). To this end, the SIF does not waive any defense related to the clear failure by MEDSCI to comply with the required pleading standards.

## I.    JURISDICTION

1.    To the extent the allegations set forth in paragraph 1 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

2.    To the extent the allegations set forth in paragraph 2 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

3.    To the extent the allegations set forth in paragraph 3 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

4.    To the extent the allegations set forth in paragraph 4 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction and request for a trial by jury, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied. The SIF affirmatively alleges that as to MEDSCI's request for a trial by jury, and pursuant to 28 U.S.C. § 157(e), the SIF respectfully does not consent to trial by jury before this

Honorable Court.

5. To the extent the allegations set forth in paragraph 5 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

6. To the extent the allegations set forth in paragraph 6 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

7. To the extent the allegations set forth in paragraph 7 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, they are denied.

## II. THE PARTIES

8. The SIF admits the allegations set forth in paragraph 8 of the Complaint, except that it is denied, for lack of information, whether MEDSCI was created exclusively to obtain a contract with the SIF, as its own website also contradicts this statement. It is also denied that the contract with MEDSCI was awarded through a bid process. The SIF affirmatively alleges that MEDSCI also provides radiology and diagnostic professional services to the SIF's Industrial Hospital. It is also affirmatively alleged that the contract herein is null and void, as detailed at Docket Nos. 38 and 49.

9. The SIF admits the allegations set forth in paragraph 9 of the Complaint except that it is clarified that Ms. Zoimé Álvarez Rubio is not the SIF's "CEO", but its Administrator, as no such position exist in the SIF. The SIF affirmatively alleges that it is an arm of the state entitled to sovereign immunity, as previously determined by this Honorable Court during the hearing held on June 18, 2010. See Docket No. 53, p. 66.

10. The SIF admits the allegations set forth in paragraph 10 of the Complaint only as to

the fact that it was created back in the 1940's for the purpose of granting workmen's compensation. The SIF denies the rest of the allegations contained in paragraph 10.

11. The SIF admits the allegations set forth in paragraph 11 of the Complaint only as to the fact that Ms. Zoimé Alvarez Rubio is: (i) the current Administrator of the SIF; (ii) an attorney by training and (iii) a resident and domiciliary of Guaynabo, Puerto Rico. The SIF denies the rest of the allegations contained in paragraph 11.

12. Paragraph 12 of the Complaint does not require a responsive allegation from the SIF, as it is not directed at the appearing party. Nonetheless, in the event that it is deemed to require an answer, the SIF denies the same.

13. Paragraph 13 of the Complaint does not require a responsive allegation from the SIF, as it is not directed at the appearing party. Nonetheless, in the event that it is deemed to require an answer, the SIF denies the same.

14. Paragraph 14 of the Complaint does not require a responsive allegation from the SIF, as it is not directed at the appearing party. Nonetheless, in the event that it is deemed to require an answer, the SIF denies the same.

15. Paragraph 15 of the Complaint does not require a responsive allegation from the SIF, as it is not directed at the appearing party. Nonetheless, in the event that it is deemed to require an answer, the SIF denies the same.

### III.   FACTUAL BACKGROUND

16. The SIF denies the allegations set forth in paragraph 16 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

17. The SIF admits the allegations set forth in paragraph 17 of the Complaint regarding the date of execution of the medical services contract. The rest of the allegations set forth in paragraph 17 are denied. It is affirmatively alleged that the document referenced therein speaks for

itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

18. The SIF denies the allegations set forth in paragraph 18 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

19. The SIF denies the allegations set forth in paragraph 19 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

20. The SIF denies the allegations set forth in paragraph 20 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

21. The SIF denies the allegations set forth in paragraph 21 of the Complaint. The SIF affirmatively alleges that it never participated, directly and/or indirectly, and/or had any direct and/or indirect influence with regards to any credit facilities obtained by MEDSCI from any banking institution with regards to the installation and/or purchase of any medical equipment. Further, it is affirmatively alleged that the document that purports to be the contract between the SIF and MEDSCI speaks for itself. The SIF also affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

22. The SIF denies the allegations set forth in paragraph 22 of the Complaint.

23. The SIF denies the allegations set forth in paragraph 23 of the Complaint.

24. The SIF denies the allegations set forth in paragraph 24 of the Complaint. It is affirmatively alleged that MEDSCI never completed installations at the Industrial Hospital, among other things.

25. The SIF denies the allegations set forth in paragraph 25 of the Complaint. The SIF

affirmatively alleges that MEDSCI has not complied and/or deficiently performed, with its obligations under the medical services contract. MEDSCI also continues to breach its obligations under the contract pending the Court's decision on the validity or not of the contract, as required by this Court during the July 7, 2010 hearing. The SIF also affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

26. The SIF denies the allegations set forth in paragraph 26 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

27. The SIF denies the allegations set forth in paragraph 27 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

28. The SIF denies the allegations set forth in paragraph 28 of the Complaint.

29. The SIF denies the allegations set forth in paragraph 29 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

30. The SIF denies the allegations set forth in paragraph 30 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

31. The SIF denies the allegations set forth in paragraph 31 of the Complaint.

32. The SIF denies the allegations set forth in paragraph 32 of the Complaint.

33. The SIF denies the allegations set forth in paragraph 33 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

34. The SIF denies the allegations set forth in paragraph 34 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF

affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

### III. FIRST CAUSE OF ACTION- BREACH OF CONTRACT

35. The SIF denies the allegations set forth in paragraph 35 of the Complaint.

36. The SIF denies the allegations set forth in paragraph 36 of the Complaint.

37. The SIF denies the allegations set forth in paragraph 37 of the Complaint.

38. The SIF denies the allegations set forth in paragraph 38 of the Complaint.

39. The SIF denies the allegations set forth in paragraph 39 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

40. The SIF denies the allegations set forth in paragraph 40 of the Complaint.

41. The SIF denies the allegations set forth in paragraph 41 of the Complaint.

42. The SIF denies the allegations set forth in paragraph 42 of the Complaint.

43. The SIF denies the allegations set forth in paragraph 43 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

44. The SIF denies the allegations set forth in paragraph 44 of the Complaint.

45. The SIF denies the allegations set forth in paragraph 45 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

46. The SIF denies the allegations set forth in paragraph 46 of the Complaint.

47. The SIF denies the allegations set forth in paragraph 47 of the Complaint.

48. The SIF denies the allegations set forth in paragraph 48 of the Complaint.

49. To the extent the allegations set forth in paragraph 49 of the Complaint are statements or conclusions of law, they do not require an answer from the SIF. In the alternative,

they are denied.

50. To the extent the allegations set forth in paragraph 50 of the Complaint are mere statements or conclusions of law, they do not require an answer from the SIF. In the alternative, they are denied.

51. The SIF denies the allegations set forth in paragraph 51 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

52. The SIF denies the allegations set forth in paragraph 52 of the Complaint.

53. The SIF denies the allegations set forth in paragraph 53 of the Complaint.

54. The SIF denies the allegations set forth in paragraph 54 of the Complaint.

55. The SIF denies the allegations set forth in paragraph 55 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

56. The SIF denies the allegations set forth in paragraph 56 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

57. The SIF denies the allegations set forth in paragraph 57 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

**IV. SECOND CAUSE OF ACTION- FRAUDULENT INDUCEMENT ("DOLO")**

58. To the extent the allegations set forth in paragraph 58 of the Complaint purport to state legal conclusions regarding this Honorable Court's jurisdiction, they do not require a responsive allegation. In the event that they are deemed to require an answer, the SIF denies the same.

59. To the extent the allegations set forth in paragraph 59 of the Complaint purport to state legal conclusions, the same do not require a responsive allegation. In the event that they are deemed to require an answer, the SIF denies the same.

60. The SIF denies the allegations set forth in paragraph 60 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

61. The SIF denies the allegations set forth in paragraph 61 of the Complaint. The SIF affirmatively alleges that MEDSCI's allegations in this paragraph clearly evidence how the Complaint fails to comply with the pleading standards of Fed.R.Civ.P. 9, as well as *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

62. The SIF denies the allegations set forth in paragraph 62 of the Complaint.

63. The SIF denies the allegations set forth in paragraph 63 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

64. The SIF denies the allegations set forth in paragraph 64 of the Complaint. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

65. The SIF denies the allegations set forth in paragraph 65 of the Complaint.

## V. THIRD CAUSE OF ACTION- DAMAGES INCIDENTAL TO CONTRACT

66. The SIF denies the allegations set forth in paragraph 66 of the Complaint.

## VI. FOURTH CAUSE OF ACTION- DAMAGES

67. The SIF denies the allegations set forth in paragraph 67 of the Complaint.

68. The SIF denies the allegations set forth in paragraph 68 of the Complaint.

## VII. FIFTH CAUSE OF ACTION-INJUNCTION

69. The SIF admits the allegations set forth in paragraph 69 of the Complaint only to the extent that the medical services to be provided to the insured concerns public policy of the SIF and the Commonwealth of Puerto Rico. The rest of the allegations in paragraph 69 are denied. It is affirmatively alleged that the document referenced therein speaks for itself. Further, the SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

70. The SIF denies the allegations set forth in paragraph 70 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

71. The SIF denies the allegations set forth in paragraph 71 of the Complaint.

72. The SIF denies the allegations set forth in paragraph 72 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

## VIII. SIXTH CAUSE OF ACTION-COLLECTION

73. The SIF denies the allegations set forth in paragraph 73 of the Complaint.

74. The SIF denies the allegations set forth in paragraph 74 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

75. The SIF denies the allegations set forth in paragraph 75 of the Complaint. The SIF affirmatively alleges that the contract at issue is null and void, as detailed at Docket Nos. 38 and 49.

## IX. JURY DEMAND

76. Through paragraph 76 of the Complaint, MEDSCI demands a trial by jury as to all issues that can be so tried. The SIF affirmatively alleges that as to MEDSCI's request for a trial by jury, and pursuant to 28 U.S.C. § 157(e), the SIF respectfully informs that it also requests trial by jury and does not consent to it before this Honorable Court.

77. The paragraph commencing with "WHEREFORE", along with all of its subparts, in the Complaint is denied.

78. Any allegations that have not been specifically admitted by the SIF will be deemed to have been denied.

79. The SIF incorporates by reference the Affirmative Defenses set below as if fully set forth herein.

**AFFIRMATIVE DEFENSES**

1. The SIF incorporates hereto by reference all denials and averments in the preceding Answer as if fully set forth herein.

2. The Complaint fails to state a claim upon which relief can be granted against the SIF.

3. The contract at issue in this case is illegal, null, and void under Puerto Rico law.

4. MEDSCI's claims may be barred, in whole or in part, by the applicable statute of limitations.

5. MEDSCI's claims are barred, in whole or in part, by the doctrine of *laches*.

6. MEDSCI's claims are barred, in whole or in part, by the doctrine of *estoppel* or because MEDSCI clearly does not have clean hands.

7. MEDSCI has failed to join indispensable parties to the present action, as many of the intentional acts alleged in the Complaint are directed at third parties not part of this case.

8. Even when they were denied in the Answer, any and all allegations concerning fraud and alleged *scienter* clearly do not comply with the pleading standards of Fed.R.Civ.P. 9, as well as *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

9. The SIF did not commit any conduct constitute of "dolo" with regards to the negotiation and/or execution of the contract.

10. The SIF did not commit any conduct constitutive of undue influence with regards to the contract.

11. The damages sought in the Complaint are unfounded, unrealistic, speculative and/or exaggerated, and not recoverable under applicable law.

12. MEDSCI has not suffered any harm, much less irreparable harm, from any alleged acts or omissions attributed to the SIF.

13. The alleged claims or damages alleged in the Complaint were caused solely by MEDSCI's own actions or omissions.

14. In the event that MEDSCI suffered any damages, which is denied, these were the result of its own negligence, and/or its own acts and/or omissions, and/or its own failure to comply with essential contractual obligations, and/or by acts and omissions of persons other than the SIF, for which the SIF cannot be held responsible.

15. In the event that MEDSCI suffered any damages, which is denied, MEDSCI has failed to mitigate any damages.

16. MEDSCI has breached its obligations under the contract. Thus, it is precluded from requesting specific performance under the Civil Law doctrine of *exceptio non rite adimpleti contractus*.

17. The SIF is entitled to sovereign immunity with regards to the causes of action alleged in the Complaint.

18. The SIF has complied with its obligations under the contract, without this constituting a waiver of its argument that the contact is illegal, null and void.

## RESERVATION OF RIGHTS

1. The SIF reserves the right to assert additional affirmative defenses that may be known through the discovery process and after the Court's ruling on whether the contract herein is valid or not.

**WHEREFORE**, the State Insurance Fund Corporation respectfully requests that this Honorable Court enter judgment dismissing the Complaint herein; ordering MEDSCI to reimburse the SIF the costs and expenses, including attorneys' fees, incurred in the defense of this action; and any such other relief as may be appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 23rd day of September, 2010.

It is certified that on this same date, a true copy of the foregoing was filed through the Court's CM/ECF system, which will generate a notice to all CM/ECF participants in this case.

**O'NEILL & BORGES**
*Attorneys for the State Insurance Fund Corporation*
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR  00918-1813
Telephone: 787-764-8181
Fax: 787-753-8944
E-mail: mauricio.muniz@oneillborges.com
　　　　carlos.sagardia@oneillborges.com

By: s/Mauricio O. Muñiz-Luciano
　　　Mauricio O. Muñiz-Luciano
　　　USDC No. 220914

　　s/Carlos J. Sagardía-Abreu
　　　Carlos J. Sagardía-Abreu
　　　USDC No. 227510