UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS, INC.

DEBTORS

_____

MEDSCI DIAGNOSTICS, INC.

Plaintiffs

Vs.

STATE INSURANCE FUND CORP.,
through its ADMINISTRATOR
ZOIME ALVAREZ RUBIO,
et als

Defendants

_____

CASE NUMBER 10-04961- ESL

CHAPTER 11

ADVERSARY PROCEEDING NUMBER:

10-0094

OPINION AND ORDER

This adversary proceeding is before the court upon the State Insurance Fund Corporation's (the "SIF") motion to stay proceedings pending appeal (dkt. # 161) filed on December 8, 2010. For the reasons set forth below the motion is hereby denied.

Decision on appeal

On November 24, 2010 the court entered an opinion and order concluding that the CONTRACT FOR THE PROVISION OF DIAGNOSTIC TESTING AT INSTALLATIONS OF THE CORPORATION FOR THE REGIONS OF CAROLINA, MAYAGUEZ, PONCE AND THE INDUSTRIAL HOSPITAL (the "Contract") between the parties was not null and void.

The court held the following:

The SIF alleges that the Contract in question is null and void as it is contrary to Puerto Rico's General Corporations Law and the holdings by the Supreme Court of Puerto Rico in Rasa and Metcalf. The SIF's position is that in order for a corporation to provide professional services it must be organized as a professional services corporation. The SIF submits that the only issue the court needs to address in determining whether the Contract

- 2 -

is null and void is whether any of the services provided required a professional medical license.  The court does not take such a limited perspective in analyzing the issue.

The court agrees that a corporation that is not a professional services corporation may not, as a corporation, perform professional services such as those requiring a professional medical license. If a contract so provides, then it is null and void under Puerto Rico law. However, a contract that allows a corporation to perform professional services through a duly licensed professional is a valid contract.  Such is the contract before the court.

A review of the scope of services that were to be provided in the original contract between Autoridad de Acueductos y Alcantarillados and Metcalf Eddy, Inc.; Colegio de Ingenieros y Agrimensores de Puerto Rico v. Autoridad de Acueductos y Alcantarillados de Puerto Rico y Metcalf Eddy, Inc., 131 D.P.R. 735 (1992); differs from the ones in the Contract between the SIF and MEDSCI.  In Metcalf the contract provided for the corporation (Mecalf) to perform, as a corporation, design and construction services, which are professional services that must be rendered by duly licensed engineers and architects.  In the Contract before the court, the Contract envisioned the corporation to provide the services through duly licensed professionals.

Based on the above rational the court concluded as follows:

In view of the foregoing, the court hereby denies the SIF's motion for reconsideration and finds that the Contract between the SIF and MEDSCI is not null and void. Consequently, there is a valid contract between the parties and each party must comply with its terms.

Standard Under Fed. R. Bankr. P. 8005

A motion for a stay pending appeal under Fed. R. Bankr. P. 8005 is determined pursuant to the four-part test for granting preliminary relief, that is,

(1) there is a likelihood of success on the merits of the appeal;

(2) the movant will suffer irreparable harm if a stay is not granted;

(3) the harm to the movant if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and

(4) the public interest would not be affected by the issuance of the stay.

Pye v. Excel Case Ready, 238 F.3d 69 (1st Cir. 2001); In re Alfaro, 221 B.R. 927 (B.A.P. 1st Cir. 1998).

- 3 -

A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003).  In order to grant the motion for stay pending appeal all four prongs must be satisfied.  In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999).  Failure to meet the four prongs dooms the motion.  Eck v. Dodge Chemical Co. (In re Power Recovery Sys., Inc.) 950 F. 2d 798, 804).

Discussion

To find that there is a likelihood that the SIF will prevail on appeal based on the same arguments presented to the court would essentially mean that we should vacate the order as being decided erroneously.  The court is not so moved.  There may be a different reading of the law, but this court finds that there is a difference between a contract wherein a corporation provides professional services as a corporation (null contract) and a contract that provides for a corporation to provide professional services through duly licensed professionals (valid contract).  The same situation would apply to corporate entities providing pharmaceutical services, mechanical services or any service that may require a government license.  See list of professionals and workers who require a license in Puerto Rico enumerated in Diaz Olivo, La Corporación Profesional, 68 Rev. Jur. U.P.R. 31, 53.  Such a limited reading is not adopted by this court.

In the appealed order the court stated that:

4.  The 1995 amendments to the Puerto Rico General Corporations Law authorized for the first time the exercise of professional services through a professional services corporation. 34 L.P.R.A. § 3401 - 3417.  For an excellent analysis of the professional services corporation under the laws of Puerto Rico see: Diaz Olivo, La Corporación Profesional, 68 Rev. Jur. U.P.R. 31 (1999)."

The court notes that the correct cite is 14 L.P.R.A. § 3401 - 3417.  These sections were derogated by Law number 164 of December 16, 2009.  The same are now codified in 14 L.P.R.A. § 3921 - 3938.  The existing sections mirror the ones in the 1995 amendments.

The stated legislative intent is "to provide for the incorporation of an individual, or group of individuals, who render the same professional service to the public for which service such individuals are required by law to obtain a license or other legal authorization." 14 L.P.R.A. § 3401.

- 4 -

The historical precedent shows that the driving forces leading to professional corporations statutes were the limited liability of corporations and tax advantages.  68 RJUPR 33.  A professional corporation practices a profession.  A private corporation seeks to accumulate capital and obtain a return on investment.  68 RJUPR 37 fn19, citing from State ex rel. Wise v. Basinger, 561 N.E. 2d 559, 562 (Ohio Ct. App. 1988).  A professional corporation may, as a corporation, render professional services.  A private corporation may provide professional services through licensed professionals but may not, as a corporation, render professional services.  ABC Hospital Corp. may contract physicians, nurses, pharmacists, radiology technicians, and any duly licensed professional to perform professional services, but may not perform the professional services in its corporate capacity.

The SIF will not suffer any harm, much less irreparable harm, if the stay pending appeal is not granted.  The services for which the SIF must pay are being rendered.  Moreover, the SIF has not established that its legal remedies are inadequate. Ross-Simon of Warwick, Inc. V. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996).

The balancing of harm also favors the Debtor/MEDSCI.  If the stay is granted the debtor's source of revenue ceases, as well as its existence.  On the other hand, the services now being provided by MEDSCI would have to be provided by some other person, a professional services corporation as the SIF now contends.  Thus,  the SIF's expense or harm is far outweighed by Debtor's harm.

Public interest is not a critical issue as this court does not find a legal breach.

- 5 -

CONCLUSION

In view of the foregoing, the SIF's motion for stay pending appeal is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of December 2010.

Enrique S. Lamoutte
United States Bankruptcy Court