UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS, INC.

DEBTORS

_____

MEDSCI DIAGNOSTICS, INC.

Plaintiffs

Vs.

STATE INSURANCE FUND CORP.,
through its ADMINISTRATOR
ZOIME ALVAREZ RUBIO,
et als

Defendants
_____

CASE NUMBER 10-04961- ESL

CHAPTER 11

ADVERSARY PROCEEDING NUMBER:

10-0094

OPINION AND ORDER

This adversary proceeding is before the court upon the State Insurance Fund Corporation's (SIF) motion for reconsideration of the order entered on November 24, 2010 (dkt. # 147) or, in the alternative, to find that the same has been complied with (dkt. #153).

Background

On November 22, 2010 the debtor, MEDSCI Diagnostic, Inc. (MEDSCI), moved the court on an urgent basis for the payment of invoices owed by the SIF (dkt. #144). MEDSCI claims that the SIF's failure to make payment will render it insolvent and unable to continue providing services pursuant to the contract between the parties. The SIF has challenged the validity of the contract. However, the court found that there is a valid contract between the parties (dkt. #148). The order has been appealed (dkt. #s 157, 159, 160); and the court denied the SIF's request for stay pending appeal (dkt. #s 161, 166 ). There is no question that the payment of invoices for services rendered

- 2 -

under the Contract are needed in order for MEDSCI to continue operating.[1] Clearly, the funds are vital to MEDSCI's operations.

The controversies, other than the validity of the contract, lie in the amounts owed and the time within which the SIF must pay the invoices. The court ordered the SIF to pay the invoices owed and "[i]f there are any amounts which the State Insurance Fund objects to or lack proper documentation for processing payment, the same shall be detailed and submitted to the court within seven (7) days." The SIF has not complied with this order with specificity. The fact that payments have been made does not translate into a finding that all invoices due have been paid.

The Contract

The relevant sections as to the timely payment of invoices are in Part Two, paragraphs B, C, and D of the contract. Clause A states that the provider (MEDSCI) shall submit Form CFSE-2000 duly executed, including the signature of the patient and physician providing the service. Failure of the physician to sign the form will cause its return. Clause C states that the corporation (SIF) will follow the Law of Accounting of the Government of Puerto Rico and applicable regulations. Clause C also states that the corresponding payments by SIF to MEDSCI will be made in the least time possible. Clause D provides for the inclusion of standard language to comply with OE 2001-73 regarding the services being provided and their correctness. The court assumes that both parties will comply with applicable law.[2] The issue is what is "the least time possible", or in the court's view, as the term is undefined and the parties have not placed the court in a position to determine what is the least time possible, within reasonableness, according to industry standards.

Reasonable Period of Time to Make Payment

The court finds that a reasonable period of time for the SIF to process and pay the invoices

---

[1] Insolvency is a defined term under the Bankruptcy Code, 11 U.S.C.A. § 101(32), and neither party has placed the court in a position to determine whether the debtor is insolvent.

[2] The Puerto Rico Government Accounting Act is codified in 3 L.P.R.A. §§ 283, et seq. There are no allegations that its policies and provisions are being breached, either directly or impliedly, by any party. Consequently, the SIF may not use the Puerto Rico Government Act as a shield to excuse failure to promptly process invoices for payment.

- 3 -

submitted by MEDSCI is 40 working days from the date of submission of a proper invoice. If the invoice is defective, the SIF shall alert MEDSCI and explain the deficiencies within 20 working days from submission. The court uses as a guideline the Prompt Payment Act, 31 U.S.C.A. §§ 3901 et seq., and its implementing regulations (5 C.F.R. pt. 1315) requiring payment by federal agencies in 30 days[3]; and the Down Payment System for Government Purveyors of Goods and Service, 3 L.P.R.A. §§ 2301 et seq., and its implementing regulation, Regulation Number 55 (55-00-01 approved on November 17, 2008, and subsequently approved by the Department of State on January 8, 2009, providing for payment within 40 working days.[4] Certainly, the time frames set under Puerto Rico law are a sound guideline to establish the maximum time for processing the invoices. Less time may be "the least amount of time" envisioned by the Contract, but the Court has not been placed in a position to so decide at this time.

The Amounts Owed

The parties have not placed the court in a position to determine the amounts owed on account of properly submitted invoices, or if there are any invoices which have not been paid for being deficient. Consequently, the court orders MEDSCI to submit to the SIF a detailed list of unpaid invoices within 10 days. The SIF shall review the list and inform MEDSCI and the court within 15 days from receipt of MEDSCI's list why the invoices have not been paid, or do not proceed because

---

[3] Congress passed the Prompt Payment Act in 1982 to address the federal government's slow pay proclivities which adversely affected the contractors' financial stability and deterred private contractors from providing services to the federal government. A number of states have followed the federal government's lead. 3 Brunner & Oçonnor Construction Law, § 8:57. The controversy before us has similar roots.

[4] The court notes that the official translation in the English version of the law as codified in 3 L.P.R.A. §§ 2301, et seq., is incorrect. The Spanish title of the law is "Sistema de Pronto Pago para Proveedores de Bienes y Servicios al Gobierno." The intent of the law is to establish procedures for the prompt payment to providers of goods and services to the government of Puerto Rico. Thus, a more accurate translation is "Prompt Payment System for Providers of Goods and Services to the Government." In several ways the Puerto Rico statute mirrors the federal Prompt Payment Act, except that the time frames are more favorable to Puerto Rico government agencies than the Prompt Payment Act is for federal agencies and state agencies that have adopted the same. Invoices must be processed within 20 working days and paid within 20 working days thereafter, that is, within 40 working days from invoice submission.

- 4 -

the same are deficient. If deficient, the deficiency shall be detailed.

The court forewarns MEDSCI of the responsibility and obligation to submit a list of unpaid invoices after careful review of its records to insure that the applicable forms and signatures as contractually required have been included. The court forewarns the SIF of its contractual obligation to process the invoices in the least amount of time possible, and not beyond the time set by this court, that is, 40 working days. The court is conscious that unjustified bureaucratic delay will extinguish the debtor's ability to operate, and lead to the non compliance of its obligations to the SIF. Such unjustified delay will not be allowed, on the contrary, may be subject to sanctions.

## CONCLUSION

The motion for reconsideration is hereby denied. However, this court's order of November 24, 2010 (dkt. #47) is clarified and expanded as provided herein.

SO ORDERED.

Dated this 23rd of December, 2010, in San Juan, Puerto Rico.

*Enrique S. Lamoutte*
United States Bankruptcy Court