UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS, INC.

DEBTORS

CASE NUMBER 10-04961- ESL

CHAPTER 11

MEDSCI DIAGNOSTICS, INC.

Plaintiffs

Vs.

STATE INSURANCE FUND CORP.,
through its ADMINISTRATOR
ZOIME ALVAREZ RUBIO,
et als

Defendants

ADVERSARY PROCEEDING NUMBER:

10-0094

## OPINION AND ORDER

This adversary proceeding is before the court upon the State Insurance Fund Corporation's (SIF) motion to stay proceedings pending appeal (dkt. # 186) filed on January 18, 2011, and the opposition thereto filed by debtor/plaintiff, MEDSCI Diagnostic, Inc. ("MEDSCI"). The SIF requests the stay of the Opinion and Order entered on December 23, 2010 (Dkt. #173) and appealed on January 5, 2011(Dkt. #180). The SIF alleges that the court's order contains clear errors of law as it rewrote the terms of the contract between the parties and adjudicated on the merits one of MEDSCI's claims. For the reasons set forth below the motion is hereby denied.

Background

The travel of this adversary proceeding, as well as of the bankruptcy petition, is found in the orders entered by this court on November 24, 2010 (Dkt. # 148)(appealed on December 8, 2010, Dkt. #157), and the appealed order that is the subject of SIF's request for stay pending appeal being discussed herein.

- 2 -

A. *Order entered on November 24, 2010 (Dkt. # 148)*:

On June 6, 2010 the debtor/plaintiff filed the instant adversary proceeding for damages resulting from defendant's [alleged] breach of contract. On June 14, 2010 the plaintiff filed an urgent motion for [the] turn over of property and injunctive relief (dkt. #9). Plaintiff requested that defendant be ordered to comply with the terms of the contract and pay amounts owed for services rendered. The motion was scheduled for a hearing on June 18, 2010 (dkt. #10). At the hearing the court entered the following bench orders: 1. Plaintiff will amend complaint to withdraw request for jury trial. 2. The Court denies the request to dismiss the complaint on sovereign immunity grounds for the reasons stated in open court. 3. The Court denies the request to dismiss the action on grounds that the contract is null and void for the reasons stated in open court. 4. The court approved the interim agreement between the parties for compliance with the terms of the contract. (See dkt. #29). The matter was continued for July 7, 2010. See minutes of hearing, dkt. #41. At the hearing, the court granted the SIF a period of five (5) days to supplement the motion for reconsideration.

After considering the pleadings filed by the SIF and MEDSCI, the court scheduled an evidentiary hearing to determine the validity of the contract (dkt. #93). The SIF filed its proposed findings of fact and conclusions of law (dkt. #115) and so did MEDSCI (dkt. #116,117,118,119,120,121). The evidentiary hearing was held and the following witnesses testified: Ms. Rosemary Alayón Romero (Executive Assistant to the SIF Administrator), Mr. Carlos Ruiz Nazario (former SIF Administrator who signed contract for SIF), Mr. Jorge Garcia Ortiz (Director of Medical Services for SIF), Dr. Felix Aponte La Luz(licensed radiologist specialized in diagnostic radiology) and Ralph Vallone, Jr., Esq. (Vice President, Treasurer and stockholder of MEDSCI). The contract was presented as a joint exhibit.

B. *Order entered on December 23, 2010 (Dkt. # 173)*:

On November 22, 2010 the debtor, MEDSCI Diagnostic, Inc. (MEDSCI), moved the court on an urgent basis for the payment of invoices owed by the SIF (dkt. #144). MEDSCI claims that the SIF's failure to make payment will render it insolvent and unable to continue providing services pursuant to the contract between the parties. The SIF has challenged the validity of the contract. However, the court found that there is a valid contract between the parties (dkt. #148). The order

- 3 -

has been appealed (dkt. #s 157, 159, 160); and the court denied the SIF's request for stay pending

appeal (dkt. #s 161, 166 ).  There is no question that the payment of invoices for services rendered

under the Contract are needed in order for MEDSCI to continue operating.  Clearly, the funds are

vital to MEDSCI's operations.

The controversies, other than the validity of the contract, lie in the amounts owed and the

time within which the SIF must pay the invoices.  The court  ordered the SIF to pay the invoices

owed and "[i]f there are any amounts which the State Insurance Fund objects to or lack proper

documentation for processing payment, the same shall be detailed and submitted to the court within

seven (7) days." The SIF has not complied with this order with specificity.  The fact that payments

have been made does not translate into a finding that all invoices due have been paid.

Decision on appeal

On December 23, 2010, the court entered an opinion and order (Dkt. # 173)  denying the

SIF's motion for reconsideration of the order entered on November 24, 2010 (Dkt. # 147).

The court held the following:

1. The Contract

The relevant sections as to the timely payment of invoices are in Part Two,
paragraphs B, C, and D of the contract.  Clause A states that the provider (MEDSCI)
shall submit Form CFSE-2000 duly executed, including the signature of the patient
and physician providing the service.  Failure of the physician to sign the form will
cause its return.  Clause C states that the corporation (SIF) will follow the Law of
Accounting of the Government of Puerto Rico and applicable regulations.  Clause C
also states that the corresponding payments by SIF to MEDSCI will be made in the
least time possible. Clause D provides for the inclusion of standard language to
comply with OE 2001-73 regarding the services being provided and their correctness.
The court assumes that both parties will comply with applicable law.  FN 1.  The
issue is what is "the least time possible", or in the court's view, as the  term is
undefined and the parties have not placed the court in a position to determine what
is the least time possible, within reasonableness, according to industry standards.
                    FN 1.  The Puerto Rico Government Accounting Act
            is codified in 3 L.P.R.A. §§ 283, et seq.  There are no allegations that
            its policies and provisions are being breached, either directly or
            impliedly, by any party.  Consequently, the SIF may not use the
            Puerto Rico Government Act as a shield to excuse failure to promptly
            process invoices for payment.

2. Reasonable Period of Time to Make Payment

The court finds that a reasonable period of time for the SIF to process and pay

- 4 -

the invoices submitted by MEDSCI is 40 working days from the date of submission of a proper invoice. If the invoice is defective, the SIF shall alert MEDSCI and explain the deficiencies within 20 working days from submission. The court uses as a guideline the Prompt Payment Act, 31 U.S.C.A. §§ 3901 et seq., and its implementing regulations (5 C.F.R. pt. 1315) requiring payment by federal agencies in 30 days; and the Down Payment System for Government Purveyors of Goods and Service, 3 L.P.R.A. §§ 2301 et seq., and its implementing regulation, Regulation Number 55 (55-00-01 approved on November 17, 2008, and subsequently approved by the Department of State on January 8, 2009, providing for payment within 40 working days. Certainly, the time frames set under Puerto Rico law are a sound guideline to establish the maximum time for processing the invoices. Less time may be "the least amount of time" envisioned by the Contract, but the Court has not been placed in a position to so decide at this time. (Footnotes omitted).

### 3. The Amounts Owed

The parties have not placed the court in a position to determine the amounts owed on account of properly submitted invoices, or if there are any invoices which have not been paid for being deficient. Consequently, the court orders MEDSCI to submit to the SIF a detailed list of unpaid invoices within 10 days. The SIF shall review the list and inform MEDSCI and the court within 15 days from receipt of MEDSCI's list why the invoices have not been paid, or do not proceed because the same are deficient. If deficient, the deficiency shall be detailed.

### Standard Under Fed. R. Bankr. P. 8005

A motion for a stay pending appeal under Fed. R. Bankr. P. 8005 is determined pursuant to the four-part test for granting preliminary relief, that is,

(1) there is a likelihood of success on the merits of the appeal;

(2) the movant will suffer irreparable harm if a stay is not granted;

(3) the harm to the movant if the stay is not granted is greater than the injury to the opposing party if the stay is granted; and

(4) the public interest would not be affected by the issuance of the stay.

Pye v. Excel Case Ready, 238 F.3d 69 (1st Cir. 2001); In re Alfaro, 221 B.R. 927 (B.A.P. 1st Cir. 1998).

A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003). In order to grant the motion for stay pending appeal all four prongs must be satisfied. In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999). Failure to meet the four prongs dooms the motion. Eck v. Dodge Chemical Co. (In re Power Recovery Sys., Inc.) 950 F. 2d 798, 804).

- 5 -

Discussion

A review of this court's conclusions in the order entered on December 23, 2010 (Dkt. # 173), as outlined above, in light of the factual background, shows that the only conclusive, albeit interlocutory, decisions so far entered by this court in this adversary proceeding are: (1) denying the request to dismiss the complaint on sovereign immunity grounds (Dkt. # 29); and (2) that the contract between the parties is a valid contract and, consequently, both parties must comply with the same (Dkt. #s 29,148). The undefined provision in the contract of making the payments in "the least time possible" was interpreted by this court as being a reasonable period of time, using as a guideline federal and Puerto Rico statutes. This court did not rewrite the contract, it interpreted an undefined term in which the parties could not agree to or illustrate the court on what was envisioned by the contract. To make payments in the least time possible cannot be when MEDSCI needs the payment or when the SIF decides to process the invoice, irrespective of celerity.

The court has specifically stated in its orders that compliance with all applicable statutes is assumed, including compliance with the Puerto Rico Accounting Act, 3 L.P.R.A. §§ 283 et seq.. However, compliance with applicable statutes is not an excuse to not processing the payment of invoices in the least time possible. The Puerto Rico Accounting Act and the contract terms of making payments in the least time possible are not inconsistent. The SIF should have accounting systems and procedures in place, 3 L.P.R.A. § 283( c ), that foster the Puerto Rico version of the Prompt Payment Act, as codified in 3 L.P.R.A. § 2901.

Also, the amounts owed, if any, have not been determined by the court. Such a determination is, ultimately, the main objective of the adversary proceeding as the contract is the main asset and source of revenue of MEDSCI. The court has not adjudicated whether MEDSCI has defaulted on the contract terms because a trial on the merits has not been held. The litigation up to this point has concentrated on MEDSCI's requests for the SIF to make timely payment for services rendered under the contract, and SIF's challenge to the validity of the contract.

The court takes no position on SIF's allegations that it will suffer irreparable harm if it has to make payment to other suppliers within 40 working days. These contracts are not before the court. Furthermore, the court declines to dictate how the SIF is structured to insure that it processes

- 6 -

invoices in the least amount of time possible in order to comply with the contract terms.

CONCLUSION

In view of the foregoing, the court finds that the SIF has failed to establish a likelihood to succeed on the merits or show irreparable harm, that is, harm that cannot be compensated with money. Also, the balancing of harm tilts to MEDSCI's favor. If payment for duly services rendered is not received then it must cease operations and liquidate its assets. On the other hand, if MEDSCI complies with the terms of the contract and provides the services needed by the SIF, and which lead to the contract between the parties, then there is no harm. Lastly, the court does not find public policy to be an issue at this juncture.

Therefore, SIF's motion for stay pending appeal is hereby denied.

SO ORDERED.

Dated this 24th of January, 2011, in San Juan, Puerto Rico.



Enrique S. Lamoutte
United States Bankruptcy Court