IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS INC.,

Debtor

---

MEDSCI DIAGNOSTICS, INC.

Debtor-Plaintiff-Appellee,

v.

STATE INSURANCE FUND CORPORATION

Defendant-Appellant.

Civil No. 11-1075 (SEC)

## OPINION & ORDER

Before the Court are appellee MEDSCI Diagnostics, Inc.'s ("MEDSCI") opposition to the notice of appeal filed by appellant the State Insurance Fund Corporation ("SIF") (Docket No. 8-1), and the SIF's Reply thereto (Docket No. 2). After considering the motions and the applicable law, MEDSCI's motion is **GRANTED** and the SIF appeal is **DISMISSED** as premature.

**Background**

The decision on appeal was issued within an adversary proceeding filed against the SIF as part of MEDSCI's bankruptcy case. Docket No. 1. MEDSCI's adversary complaint—the product of a business relationship gone sour—contains six different causes of action and requests nine different remedies against the SIF. Docket No. 8-1, ¶ 5. MEDSCI followed its adversary complaint with an urgent motion requesting that the SIF comply with the contract between them and pay amounts owed for services rendered. Docket No. 193, Adv. Pro. 10-0094. The SIF opposed the motion, arguing, among other things, that its contract with MEDSCI

was null and void. Id. at p. 2. After two hearings, a thorough review of the contract at issue, and with the benefit of having heard live testimony from five witnesses, the bankruptcy court found the contract between MEDSCI and the SIF to be valid and ordered the parties to comply with its terms. Id.[1]

Soon thereafter, upon MEDSCI's second urgent motion, the bankruptcy court ordered the SIF to pay all amounts owed to MEDSCI. Id. at p. 3.[2] The Court also stated that "if there are any amounts which the State Insurance Fund objects to or lacks proper documentation for processing payment, the same shall be detailed and submitted to the court within (7) days." Id. Moreover, the bankruptcy court interpreted the contract to require payment within 40 days after the rendering of services. Id. at p.4. The SIF moved for reconsideration of the 40-day payment term, but the bankruptcy court denied its request. Id. The SIF notice of appeal then followed.

MEDSCI opposed immediately. It argues that the decision the SIF intends to appeal is interlocutory in nature, and thus, that leave from this Court is necessary for the SIF to proceed. Docket No. 8-1, ¶ 1. Furthermore, MEDSCI argues that the factors that must concur for the Court to grant leave for an interlocutory appeal are absent. Id. The SIF, on the other hand, contends that the bankruptcy court's decision is final and appealable as of right. Docket No. 2, ¶ 2. Specifically, the SIF reasons that because the payment terms of the contract with MEDSCI are one of the issues being litigated in the adversary case, the "order of the Bankruptcy Court

---

[1] An appeal of this decision is currently pending before Hon. Jose A. Fuste. Case. No. 10-2239(JAF).

[2] MEDSCI had argued that its viability as a going concern was fatally threatened by the SIF's failure to pay amounts due. Id. at p. 2.

Case No. 11-1075(SEC) 3

[imposing the 40-day payment term] is final and conclusive as to this specific issue...." Docket No. 2, ¶ 9.[3]

**Applicable Law and Analysis**

The applicable law to this case is well-settled and straightforward. Direct appeals to district courts from bankruptcy courts *final* judgments, orders, or decrees are allowed under 28 U.S.C. § 158(a)(1) and Bankruptcy Rule 8001(a). In non-bankruptcy civil cases, finality for appellate purposes is reached upon an order adjudicating the merits of the suit, leaving open only the execution of judgment. Catlin v. United States, 324 U.S. 229, 233 (1945). Bankruptcy cases, however, often involve an aggregation of controversies, suits, and proceedings—*e.g.*, contested matters, adversary proceedings, and administrative applications. See Estancias La Ponderosa Dev. Corp. v. Harrington (In re Harrington), 992 F.2d 3, 6 (1st Cir. 1993). Therefore, the concept of finality for appellate purposes is more flexible in bankruptcy. In re Saco Local Dev. Corp., 711 F.2d 441, 443-46 (1st Cir. 1983). "[C]ourts have recognized... that the appropriate judicial unit for application of these finality requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." Adelman v. Fourth Nat'l Bank & Trust Co., N.A. (In re Durability, Inc.), 893 F.2d 264, 266 (10th Cir. 1990), citing Tringali v. Hathaway Mach. Co., Inc., 796 F.2d 553, 558 (1st Cir. 1986); Moody v. Seaside Lanes (In re Moody), 825 F.2d 81, 85 (5th Cir. 1987); In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988); see also In re Bank of New England Corp., 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) ("An

---

[3] Although the SIF could have moved the Court to consider an interlocutory appeal under 28 U.S.C. 158(a)(3), it failed to do so, and the Court need not consider this issue. See In re C.R. Davidson Co., Inc., 232 B.R. 549, 554 (B.A.P. 2nd Cir. 1999) ("The function of the motion for leave to appeal is to explain to the reviewing court why it is that, notwithstanding the historic federal policy (and current bankruptcy policy) against piecemeal appeals, the order in question should be reviewed immediately. In particular, appellants have the burden of showing that the order meets the [applicable] requirements....") (internal quotations omitted).

adversary proceeding is perhaps the clearest example of a "discrete dispute" or "judicial unit" within the bankruptcy case."). In other words, finality in bankruptcy is determined "adversary proceeding by adversary proceeding or contested matter by contested matter...." 5 COLLIER ON BANKRUPTCY ¶ 5.08[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Once courts "recognize that each adversary proceeding or contested matter is a discrete unit... *ordinary concepts of finality apply*." Id. citing Adelman, 893 F.2d at 266. (emphasis added).

As stated above, the decision on appeal before this Court arises within an adversary proceeding presenting different causes of action and several factual and legal issues. In its decision, the bankruptcy court ruled upon some but not all of these issues. Among other things, the bankruptcy court has yet to determine (i) the specific amounts that the SIF owes to MEDSCI for services rendered; (ii) whether MEDSCI is entitled to damages and other remedies for SIF's alleged contractual breaches; and (iii) the amount of these damages or shape of these remedies. Docket No. 193, Adv. Pro. 10-0094. A trial would likely be needed to adjudicate the merits of these issues, even if SIF's appeal is heard and adjudicated by this Court. Under these circumstances, the Court lacks jurisdiction to consider the SIF's appeal. Were the Court to do otherwise, "without regard to whether [SIF's] entire adversary proceeding had been resolved, the finality rule would be eviscerated." In re Harrington, 992 F.2d at 6.

For these reasons, MEDSCI's motion is **GRANTED** and the SIF's appeal is **DISMISSED** as premature.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of March, 2011.

　　　　　　　　　　　　　　　　　　s/ *Salvador E. Casellas*
　　　　　　　　　　　　　　　　　　SALVADOR E. CASELLAS
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge