UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS, INC.

DEBTORS

CASE NUMBER 10-04961- ESL

CHAPTER 11

MEDSCI DIAGNOSTICS, INC.

Plaintiffs

Vs.

STATE INSURANCE FUND CORP.,
through its ADMINISTRATOR
ZOIME ALVAREZ RUBIO,
et als

Defendants

ADVERSARY PROCEEDING NUMBER:

10-0094

<u>ORDER</u>

This case is before the court upon the motions filed by plaintiff MEDSCI Diagnostics, Inc. (MEDSCI) requesting immediate payment of undisputed amounts due (Dkt. #s 196, 200, 210, 211 and 215), and the oppositions thereto by defendant the State Insurance Fund Corp. (Dkt. #s 209, 212, and 213). MEDSCI alleges that it has complied with this court's orders of December 23, 2010 (Dkt. #173) and November 24, 2010 (Dkt. #147) by submitting a detailed list of unpaid invoices, and that the SIF continues to avoid payment and comply with the same orders by failing to inform why the invoices have not been paid or why the invoices are deficient. The SIF alleges that since the list of invoices is not in excel format it is difficult to comply with this court orders, that some payments have been made, that the aging submitted by MEDSCI does not clearly identify the date of submission of the invoice to the SIF, thus making it difficult to determine which invoices exceed the 40-day period imposed by this court, and that it is complying with the contract and applicable laws and regulations by processing payments as promptly as possible (Dkt. #209). The SIF also alleges

that MEDSCI has failed to comply with the specificity required by this court in submitting the invoices by including erroneous maturity dates and misleading depictions of services provided. Furthermore, the SIF contends that since this court's order of January 25, 2011 (Dkt. #193) states that "the amounts owed, if any, have not been determined by the court. Such determination is, ultimately, the main objective of the adversary proceeding as the contract is the main asset and source of income of Medsci." - - - the court has not adjudicated a default in the contract, and thus, the court should not grant MEDSCI's requests for payment of invoices due until after trial on the merits.

In order to place this limited controversy in perspective, the court provides the setting which prompted the filing of the motions by MEDSCI, and then will consider the arguments presented by the SIF.

## Background

On June 9, 2010 MEDSCI filed a complaint against the SIF based on a contract between the parties for radiological services signed on or about September 1, 2007 (Contract). The complaint has six causes of action. The same are: 1. Breach of Contract for violating the exclusivity of referrals; 2. Fraud or Deceit ("Dolo") while inducing plaintiff to agree to the terms of the contract; 3.Damages incidental to contract, and/or in tort; 4. Damages due to failure to advise MEDSCI of deficiencies in Ponce facilities as well as "loss of interest."; 5. Injunctive relief to enforce compliance with the terms of the contract; and 6. Collection of amounts owed. A pretrial was scheduled for October 8, 2010. However, the same was continued without a date pending a decision on MEDSCI's motion for payment of past due invoices and the SIF's motion for reconsideration of this court's bench ruling of June 18, 2010 finding that the contract between the parties was not null and void. The SIF answered the complaint on September 23, 2010.

A. Validity of the Contract

At the hearing held on June 18, 2010 the court found that the contract between the parties was not null and void. (Dkt. #29). Subsequently, at the hearing held on July 7, 2010 the court granted the SIF time to supplement its motion for reconsideration of this court bench ruling finding the contract to be valid. (Dkt. #41). After considering the motions filed by both the SIF and

MEDSCI relative to the validity of the contract, the court scheduled the matter for an evidentiary hearing as it found that the legal precedent referenced was not sufficient by itself to make a decision as the applicable facts had to be determined. (Dkt. #93). The issue was scheduled for a hearing on October 25, 2010. The hearing was held and the court took the matter under advisement. On November 24, 2010 the court entered an opinion and order denying the motion for reconsideration (Dkt. # 148). The order was appealed. (Dkt. # 157, 159, 160). The SIF's motion for stay pending appeal (Dkt. #161) was denied (Dkt. #166). In the order denying the stay pending appeal this court directed the parties to comply with the terms of the contract.

B. <u>MEDSCI's requests for payment</u>

On June 14, 2010, MEDSCI filed an "Urgent Motion for Turnover of Property, Injunction and/or Cease and Desist Order and/or Extraordinary Relief and Remedy in Light of Exigent Circumstances" (Dkt. #9). Debtor alleges that in order to subsist it needs that the SIF pays all non contested amounts over 60 days due from the date the service was performed or 30 days from the date the invoice was submitted to the SIF. The debtor further requested injunctive relief directing the SIF to comply with the terms of the contract. The urgent motion was scheduled for a hearing on June 18, 2010. The court subsequently clarified that the hearing was not on the merits of the complaint but to consider evidence that may warrant or not providing interim relief to avoid immediate and irreparable harm to debtor's estate (Dkt. #20).[1]

The court issued bench rulings at the June 18, 2010 hearing denying the request to dismiss on sovereign immunity grounds and found that the contract was not null and void. (Dkt. #s 29,53). The court continued the hearing to July 7, 2010 to consider the limited issue of when the payments of invoices should be made. The court, amongst other rulings, granted the SIF time to supplement its motion for reconsideration of this court's order finding that the contract was not null and void; and granted MEDSCI time to brief on the court's authority to determine when the invoices should be paid. (Dkt. #41).

---

[1] Clearly, since the onset of the case MEDSCI has prayed for relief in order to maintain its operations. The court has limited its consideration to interim relief and not the merits of the complaint in all six causes of action.

On October 26, 2010 MEDSCI moved the court for the payment of invoices due and informing SIF's uninterrupted breach of the contract. (Dkt.#126). MEDSCI alleges that as of the date of the filing of the complaint the SIF owed MEDSCI $1,371,117.00, of which $766,159.00 were due over 60 days. As of the filing of the motion the amounts allegedly owed are $1,609,570.00, of which $994,820.00 are over 60 days. The SIF opposed alleging that ordering the payment of invoices over 60 days was an attempt to rewrite the terms of the contract. (Dkt. #127). The SIF also incorporated its position in a previous pleading (Dkt. #50) wherein it stated that imposing a deadline to make payment was tantamount to rewriting the terms of the contract, that the contract was null and void, and that MEDSCI had failed to establish the requirements for the issuance of injunctive relief.[2]

On November 4, 2010 MEDSCI moved the court to find the SIF in contempt of this court's order of June 18, 2010 (Dkt. #29). See Dkt. #134. MEDSCI alleges that the SIF continues to violate the referral and payment clauses in the contract. MEDSCI attaches a table in support of its allegation that the SIF is referring 40% of services to institutions other than MEDSCI, and that the amount of $1,702,273.00 is due and owing. The SIF opposed the motion for contempt alleging that the issue of payments is not appropriate at this stage of the litigation as the court had not decided whether the contract was valid or not. The court notes that it had decided that there was a valid contract at the hearing held on June 18, 2010. However, the motion for reconsideration of said order was pending. It was on November 24, 2010 that the court denied the motion for reconsideration and reaffirmed its bench ruling that the contract was not null and void. (Dkt. #148). The SIF also alleged that the violation of the referral clause was not supported by evidence and that such an issue should be decided after a trial on the merits and discovery. The SIF further alleged that it had made some payments to MEDSCI. See Dkt. #143.

On November 22, 2010 MEDSCI again moved the court for urgent relief regarding the

---

[2] The Court notes its order of November 24, 2010 (Dkt. #148) and December 16, 2010 (Dkt. #166) concluding that there is a valid contract between the parties. Also, the orders entered on December 23, 2010 (Dkt. 173) and January 25, 2011 (Dkt. #193) conclude that the undefined term in the contract of making payment as soon as possible should be 40 days from the date of submission of a proper invoice.

payment of invoices due and amended its prior requests (Dkt. #144). MEDSCI alleges that the SIF

only paid the amount of $72,086.21 during the month of November 2010; and that as of the filing

of the motion the amounts owed are $1,796,053.00, of which $1,185, 836.00 are needed to survive.

On November 24, 2010[3] the court granted the request (Dkt. #147). The court also directed that "if

there are any amounts which the State Insurance Fund objects to or lack proper documentation for

processing payment, the same be detailed and submitted to the court within seven (7) days." The SIF

moved for reconsideration (Dkt. #153); MEDSCI opposed (Dkt. #162). On December 23, 2010 the

court entered an opinion and order denying the motion for reconsideration (Dkt # 173). The court

also clarified its order and stated the following:

> ### The Amounts Owed
>
> The parties have not placed the court in a position to determine the amounts owed on account of properly submitted invoices, or if there are any invoices which have not been paid for being deficient. Consequently, the court orders MEDSCI to submit to the SIF a detailed list of unpaid invoices within 10 days. The SIF shall review the list and inform MEDSCI and the court within 15 days from receipt of MEDSCI's list why the invoices have not been paid, or do not proceed because the same are deficient. If deficient, the deficiency shall be detailed.
>
> The court forewarns MEDSCI of the responsibility and obligation to submit a list of unpaid invoices after careful review of its records to insure that the applicable forms and signatures as contractually required have been included. The court forewarns the SIF of its contractual obligation to process the invoices in the least amount of time possible, and not beyond the time set by this court, that is, 40 working days. The court is conscious that unjustified bureaucratic delay will extinguish the debtor's ability to operate, and lead to the non compliance of its obligations to the SIF. Such unjustified delay will not be allowed, on the contrary, may be subject to sanctions.

The SIF appealed (Dkt. #s 180, 181, 182). The SIF's motion to stay pending appeal (Dkt. #186) was

denied (Dkt. #193).

On January 27, 2011 MEDSCI moved the court for the payment of the undisputed amount

of $1,190,048.00 (Dkt. #196). The request was updated on January 28, 2011 (Dkt. #200). The SIF

opposed on February 7, 2011 (Dkt. #209) based on the allegation summarized in the introductory

---

[3] On the same day, November 24, 2010, the court entered the order finding the contract valid and ordering the parties to comply with the same. (Dkt. #148).

paragraph of this order.[4] MEDSCI replied and requested the immediate payment of $727,232.00 (Dkt. #210). MEDSCI updated the information and request on February 16, 2011 (Dkt. #211). MEDSCI informs the aging is over $1,474,953.00 and adjusts the amounts requiring immediate payment to $718, 843.00, after applying a payment of $8,819.00 made on February 11, 2011. The SIF opposed on February 28, 2011, alleging that MEDSCI threatens to be on the verge of ceasing operations for the lack of payment by the SIF but has increased payments to its two principals, and that trial on the merits has not been held (Dkt. #s 212, 213). On March 4, 2011 MEDSCI filed its latest updated request for payment of due invoices (Dkt # 215). MEDSCI alleges that as of March 3, 201 the total invoices submitted to the SIF are in the amount of $1,416.00, of which $941,163.00 correspond to invoices that have been in possession for more than forty (40) days.

## DISCUSSION

The above narrative illustrates the contentious nature of the dispute between the parties and their respective views on what compliance with the terms of the contract between the parties means. It is also clear, as the court has stated in numerous occasions, that the contract and the success of the debtor's operations are inextricably intertwined. Since June 28, 2010 the court determined that there is a valid contract and that the parties must comply with the same.

The parties have not agreed on what the contractual provision of making payment of invoices as soon as possible means. Because of the costly and critical impasse, the court was compelled to interpret the undefined term. The court's decisions of December 23, 2010 (Dkt. #173) and January 25, 2011 (Dkt. #193) determined that "as soon as possible" should be forty (40) days after a properly

---

[4] "The SIF alleges that since the list of invoices is not in excel format it is difficult to comply with this court orders, that some payments have been made, that the aging submitted by MEDSCI does not clearly identify the date of submission of the invoice to the SIF, thus making it difficult to determine which invoices exceed the 40-day period imposed by this court, and that it is complying with the contract and applicable laws and regulations by processing payments as promptly as possible (Dkt. #209). The SIF also alleges that MEDSCI has failed to comply with the specificity required by this court in submitting the invoices by including erroneous maturity dates and misleading depictions of services provided. Furthermore, the SIF contends that since this court's order of January 25, 2011 (Dkt. #193) states that "the amounts owed, if any, have not been determined by the court. Such determination is, ultimately, the main objective of the adversary proceeding as the contract is the main asset and source of income of Medsci." - - - the court has not adjudicated a default in the contract, and thus, the court should not grant MEDSCI's requests for payment of invoices due until after trial on the merits."

documented invoice is submitted. The court also considered the SIF's duties and obligations under applicable law and regulations, and provided that if the SIF found that any invoice was not properly submitted, a detailed statement of the reasons must be submitted to the court.

MEDSCI has consistently and repeatedly made requests for the payment of overdue invoices incurred after the filing of the petition and the filing of the instant adversary proceeding. The amounts owed have been detailed. The supporting documents have not been submitted to the court for review. However, the burden is upon the SIF to move the court with a detailed statement of why any invoices should not be paid. The SIF has not discharged its burden.

The court in this order is only addressing the amounts owed and which are necessary to avoid irreparable harm and keep the debtor operating pending a decision on the merits of the complaint. The court notes that the services have been rendered and the invoices have not been rejected by the SIF.

Consequently, after considering the orders of this court granting MEDSCI's request for funds (Dkt. #147) as subsequently amended and updated up to and including the motion filed on March 4, 2011 (Dkt. #215), the court hereby orders the SIF to forthwith pay MEDSCI the amount of $941,163.00.

CONCLUSION

In view of the foregoing, the court hereby orders the SIF to forthwith pay MEDSCI the amount of $$941,163.00 corresponding to invoices submitted for services rendered and which are over 40 days from submission date, and have not been rejected by the SIF with a detailed explanation of the reason for the rejection.

SO ORDERED.

Dated this _10_ of March, 2011, in San Juan, Puerto Rico.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge