UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MEDSCI DIAGNOSTICS, INC.

DEBTORS

_____

MEDSCI DIAGNOSTICS, INC.

Plaintiffs

Vs.

STATE INSURANCE FUND CORP.,
through its ADMINISTRATOR
ZOIME ALVAREZ RUBIO,
et als

Defendants

_____

CASE NUMBER 10-04961- ESL

CHAPTER 11

ADVERSARY PROCEEDING NUMBER:

10-0094

OPINION AND ORDER

This case is before the court upon the motion for partial summary judgment filed by the defendant, the State Insurance Fund Corporation (SIF) and the opposition thereto by the plaintiff, debtor MEDSCI Diagnostics, Inc. (MEDSCI). The SIF prays for the dismissal of the first, second, third and forth causes of action on the ground that MEDSCI requests damages for contractual breaches of obligations which are not in writing. The SIF contends that in order for the government to be bound by a contractual provision, the same must be in writing. MEDSCI opposes alleging that the contract between the parties is subject to the general rules governing contract, and as if the parties were private parties. For the reasons stated below, the SIF's motion for partial summary judgment is granted in part and denied in part.

UNCONTESTED FACTS

On September 1, 2007, MEDSCI and then SIF entered into a contract to provide radiological diagnostic services (the Medical Services Contract). The Medical Services contract provides for

- 2 -

yearly and total caps of amounts that may be billed to the SIF.  The Medical Services Contract does not guarantee any minimum amount of revenue for MEDSCI.

## THE COMPLAINT

The first, second, third and fourth cause of action pray for direct and indirect damages resulting from contractual breaches of the Medical Services Contract on the part of the SIF and for dolus in inducing MEDSCI to enter into the contract under false pretenses.

## STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved."  10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198.  "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried."  Id at 202-203.  Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain.  Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be

- 3 -

in dispute thereby requiring deference to the finder of fact.  Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation.  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976).  When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party.  Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment.  Adickes v.  Kress & Co., 398 U.S. 144, 157 (1970).  See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991).  It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial.  Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial.  López, 938 F.2d at 1516.  In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case.  Celotex, 477 U.S. at 325.  See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11.  In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment.  Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987).  See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464.  A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party.  Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made.  López, 938 F.2d at 1517.  The nonmoving party need only oppose a summary judgment motion once the moving party has met its

- 4 -

burden.  <u>Adickes</u>, 398 U.S. at 159.

PUERTO RICO LAW RE GOVERNMENT CONTRACTS

As a general rule, the Commonwealth of Puerto Rico is considered as a private contractor when the effect and application of contractual provisions is considered.  However, when public funds are involved, there are stricter requirements involved in contracting with instrumentalities of the government of Puerto Rico in order to protect the public interest of the People of Puerto Rico.  <u>JAAP Corporation v. Departamento de Estado del Estado Libre Asociado de Puerto Rico, et als</u>, 2011 WL 4007900, *4 (P.R. Ct. App. June 30, 2011).  Consequently, in order for contracts with the government to be valid and enforceable, the same must comply with several formal and procedural requirements.  One of the formal requirements is that the contract be in writing.  The requirement that the contract be in writing is essential in order that the obligations contracted be effective.  <u>Colón Colón v. Municipio de Arecibo</u>, 170 D.P.R. 718, 725 (2007).  <u>See also;</u> <u>CMI Hospital Equipment Corporation v. Departamento de Salud</u>, et als, 171 D.P.R. 313, 320 (2007); <u>Rivera Rivera v. Departamento de Educación</u>, et als, 2011 WL 4007401 (P.R. Ct. App. June 8, 2011). Moreover, given the public interest involved in contracting with public funds, equitable remedies against the government  are inapplicable.  <u>JAAP Corporation v. Departamento de Estado del Estado Libre Asociado de Puerto Rico, et als</u>, at *7.  See analysis of Puerto Rico Supreme Court decisions regarding government contracts.  77 Rev. Jur. U.P.R. 645, 648-651; 79 Rev. Jur. U.P.R. 445, 456-459.

The contract between the parties involves an instrumentality of the government of Puerto Rico and the payment for the services rendered involves public funds.  Therefore, the enforceable provisions in the contract must be in writing. Obligations not reduced to writing are not enforceable against the government instrumentality.

- 5 -

<u>CONCLUSION</u>

In view of the foregoing, the court grants the motion for partial summary judgment to the extent that the only damages that may be claimed and established are for breaches to the written provisions in the contract.  The court declines to dismiss the causes of action in their entirety.


SO ORDERED.

Dated the 1st of February, 2012, in San Juan, Puerto Rico.


Enrique S. Lamoutte
United States Bankruptcy Judge